IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JASON JAKUBOWSKI, by and through          *
his Legal Guardian
David JAKUBOWSKI                          *
506 Carrollwood Road
Middle River, Maryland 21220              *

      *Plaintiff,*                         *

v.                                        *

FAMILY SERVICE FOUNDATION, INC.           *          Case No.: _____
5301 76th Street
Landover Hills, Maryland 20784            *

     <u>Serve on Resident Agent</u>:       *
     Carol Veater
     5301 76th Street                    *
     Landover Hills, Maryland 20784

                   *

and                                       *

TINA ASHE                                 *
5301 76th Street
Landover Hills, Maryland 20784            *

and                                       *

TOM MOORE                                 *
5301 76th Street
Landover Hills, Maryland 20784            *

and                                       *

LARRY LIPSITZ                             *
5301 76th Street
Landover Hills, Maryland 20784            *

and                                       *

SERVICE COORDINATION, INC. d/b/a
SERVICE COORDINATION OF MARYLAND        *
5303 Spectrum Drive, Suite I
Frederick, Maryland 21703               *

      <u>Serve on Resident Agent</u>:        *
      Carl R. Hildebrand
      5303 Spectrum Drive, Suite I           *
      Frederick, Maryland 21703
                                        *
and                                     
                                        *
KELLY JONES
9 Park Center Court, Suite 301          *
Owings Mills, Maryland 21117
                                        *
    *Defendants.*
*     *     *     *     *     *     *     *     *     *     *     *

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

      COMES NOW Plaintiff, Jason Jakubowski (hereinafter "Plaintiff Jakubowski"), by and through his Legal Guardian, David Jakubowski, and by and through his attorneys Mary McNamara Koch, Esq. and the law offices of Wais, Vogelstein, Forman & Offutt, LLC, hereby files this suit against the Defendants, Family Service Foundation, Inc. (hereinafter "Defendant Family Service Foundation"), Tina Ashe (hereinafter "Defendant Ashe"), Tom Moore (hereinafter "Defendant Moore"),  Larry Lipsitz (hereinafter "Defendant Lipsitz"), Service Coordination, Inc. d/b/a Service Coordination of Maryland (hereinafter "Defendant Service Coordination"), and Kelly Jones (hereinafter "Defendant Jones"), and in support thereof, states as follows:

<u>**JURISDICTION AND VENUE**</u>

      1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1367.

2.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) because the defendants reside in the State of Maryland and the events and/or omissions giving rise to the claims arose in the State of Maryland.

## PARTIES

3.      Plaintiff Jason Jakubowski, at all times relevant hereto, received home and community based services by and through a Community Pathways Waiver on behalf of Maryland Medicaid and the Maryland Department of Health and Mental Hygiene's Developmental Disabilities Administration (hereinafter "Maryland DDA"). *See* COMAR 10.09.26. The Community Pathways Waiver is funded under the Federal Centers on Medicare and Medicaid (CMS), under Title XIX of the Social Security Act. *See* 42 U.S.C. § 1396n. The intent of 42 U.S.C. §1396 is for the Federal Government to provide matching funds to states in order to ensure that individuals receiving long-term services and supports through home and community based service (HCBS) programs under Medicaid have full access to benefits of community living and the opportunity to receive services in the most integrated setting appropriate.

4.      Plaintiff Jakubowski at all times relevant hereto, was also a resident in a group home owned and operated by Defendant Family Service Foundation. Plaintiff's group home was located at 9105 Sandra Court, Randallstown, Maryland 21133. Therefore, Plaintiff Jakubowski, at all times relevant hereto, was a resident of the State of Maryland

5.      Plaintiff Jason Jakubowski's Legal Guardian, David Jakubowski, at all times relevant hereto, resided at 506 Carroll Wood Road, Middle River, Maryland 21220. Therefore, Plaintiff Jakubowski's Legal Guardian, at all times relevant hereto, was a resident of the State of Maryland.

3

6.      Defendant Family Service Foundation are, and at all times relevant hereto, a nonprofit corporation providing community residential programs for individuals with developmental disabilities and/or severe mental illness who receive approved services through the Maryland DDA. Defendant Family Service Foundation's long-term community residential and day services provided to Plaintiff Jakubowski were at all times relevant hereto funded by and through Plaintiff's Community Pathway Waiver. At all times material hereto, Defendant Family Service Foundation acted directly and/or by and/or through its actual and/or apparent agents, servants and/or employees, including, but not limited to, Defendant Tine Ashe, Defendant Tom Moore, and Defendant Larry Lipsitz.

7.      Defendant Tina Ashe, at all times relevant hereto, was the Residential Coordinator for Defendant Family Service Foundation. As a Residential Coordinator, Defendant Ashe was in charge of supervision of day-to-day operations of residential group homes for adults with physical and/or mental impairments, managing and training staff working within residential group homes, and monitoring residents for any health and/or behavioral risk. At all times material hereto, Defendant Ashe acted individually and/or as the actual and/or apparent agent, servant and/or employee of Defendant Family Service Foundation.

8.      Defendant Tom Moore, at all times relevant hereto, was the Day Program Coordinator for Defendant Family Service Foundation. As the Day Program Coordinator, Defendant Moore was in charge of directing day service programs for adults who have physical and/or mental impairments, and managing and training staff members who provide supervision, care, meals and social activities to day program clients. At all times material hereto, Defendant Moore acted individually and/or as the actual and/or apparent agent, servant and/or employee of Defendant Family Service Foundation.

9.       Defendant Larry Lipsitz, at all times relevant hereto, was the Director of Intensive Supports and Educational Services for Defendant Family Service Foundation. As the Director of Intensive Supports and Educational Services, Defendant Lipsitz was in charge of providing staff training which included: behavior principles and strategies; core DDA training; and positive behavioral supports for staff handling adults with physical and/or mental impairments. At all times material hereto, Defendant Lipsitz acted individually and/or as the actual and/or apparent agent, servant and/or employee of Defendant Family Service Foundation.

10.      Defendant Service Coordination, Inc. d/b/a Service Coordination of Maryland is, and at all times relevant hereto, a nonprofit corporation engaged in community of coordination services and/or general case management for individuals with disabilities receiving services through the Maryland DDA. Defendant Service Coordination's services to Plaintiff Jakubowski are, and at all times relevant hereto, funded by and through Plaintiff's Community Pathway Waiver. At all times material hereto, Defendant Service Coordination acted directly and/or by and/or through its actual and/or apparent agents, servants and/or employees, including, but not limited to Defendant Kelly Jones.

11.      Defendant Kelly Jones at all times relevant hereto, was a service coordinator hired to assess Plaintiff Jakubowski service needs as a long-term community residential and day services recipient, facilitate services such as health and wellness, and advocate and ensure Plaintiff received all reasonable and necessary services and/or accommodations required under State and Federal law. At all times material hereto, Defendant Jones acted individually and/or as the actual and/or apparent agent, servant and/or employee of Defendant Service Coordination.

## FACTS COMMON TO ALL COUNTS

### A.  Plaintiff Jakubowski's Disability

12.     Plaintiff Jakubowski is a 45 year old, 6'1", 250 pound, adult male who suffers from autism, deafness, blindness in his left eye, seizure disorder, chronic non-progressive encephalopathy, a pervasive developmental disorder, intellectual disabilities, anxiety, and a bipolar disorder. Since December of 1993, Plaintiff Jakubowski has received community residential and day services from Defendant Family Service Foundation. As a resident and day services recipient for over 20 years, Plaintiff Jakubowski's disabilities were well known to all Defendants and well documented in his Individual Plan and Behavioral Plan.

13.     Defendants knew or should have known that Plaintiff's disabilities rendered him unable to control self-injurious behaviors at times, specifically that Plaintiff Jakubowski engages in "rectal digging" whereby he sticks his fingers into his rectum. As early as 2007, Plaintiff's Legal Guardian/Father and Defendants recognized that Plaintiff Jakubowski required a highly structured and controlled environment in order to minimize the potential injurious effect of his behaviors, including his rectal digging behavior.

14.     After years of exhibiting rectal digging and other self-injurious behaviors, Plaintiff was evaluated by all Defendants, most recently in November of 2015, in order to develop a Behavior Plan. A Behavior Plan is required under the Maryland DDA for individuals receiving services who exhibit challenging behaviors and require a variety of supports to achieve success in exercising their choices responsibly. *See* COMAR 10.22.10.02. A Behavior Plan is designed to assist individuals, such as Plaintiff Jakubowski, who exhibit challenging behaviors in acquiring skills, gaining social acceptance, and becoming full participants in the community. *See* COMAR 10.22.10.02. By developing a Behavior Plan, Defendants reaffirmed that Plaintiff

Jakubowski suffered from the above-described disabilities and that those disabilities severely impacted his ability to control certain self-injurious behaviors successfully on his own, particularly his rectal digging.

15.     The Behavior Plan of November of 2015, reflects that "[r]ectal digging is being addressed because it is a potential health risk to [Plaintiff] Jakubowski, and because it serves to stigmatize him." The Behavior Plan further reflects that, "Plaintiff inserts his fingers into or near his rectum and potentially comes into contact with feces. When he does this, he sometimes gets feces on his hands which he will put on himself or the walls. This occurs about 2-3 times per week. Severity ranges from least severe (brief episode, redirected), to moderately severe (prolonged digging), to most severe (smearing feces). According to his physician, there is no medical basis for the behavior. Rectal digging occurs under low levels of stimulation and when he is using the restroom."

16.     Plaintiff Jakubowski also had an Individual Plan at all times relevant hereto. Every individual who receives services in the community through the Maryland DDA is required to have an Individual Plan. *See* COMAR 10.22.05.03(A). An Individual Plan is designed to address the services and support needed for disabled individuals, provide for the most integrated setting service options licensed through the Maryland DDA that may be appropriate, and identify community-based Medicaid waiver services and any other services and supports that may be appropriate. *See* COMAR 10.22.05.03(C). By developing an Individual Plan, Defendants reaffirmed that Plaintiff Jakubowski suffered from the above-described disabilities and that those disabilities severely impacted his ability to control certain self-injurious behaviors successfully on his own, particularly his rectal digging.

17.     Plaintiff Jakubowski's Individual Plan of August 27, 2015, reflects that Plaintiff would benefit from a 1:1 staff-to-resident ratio and that he should always be within line of site of supervision. The relevant Individual Plan also references Plaintiff Jakubowski's Behavioral Plan for behavioral support services. *Id.* Pursuant to COMAR 10.22.05.05, Plaintiff Jakubowski's Individual Plan was approved for one (1) year, after which it needed to be reviewed and reapproved by the Maryland DDA.

**B. Defendants' Utter Failure to Provide Reasonable Accommodations to Plaintiff Jakubowski**

18.     As a result of a continued pattern of self-injurious behaviors, including, but not limited to, rectal digging, Defendants determined that Plaintiff Jakubowski required goals, communication strategies, preventative strategies, and management strategies, all detailed in his Behavior Plan, to fully address his rectal digging. Accordingly, Defendants allegedly implemented Plaintiff Jakubowski's Behavior Plan to address his self-injurious behavior, including rectal digging.

19.     The relevant Behavior Plan set forth the goal that, "[Plaintiff] Jakubowski will engage in no more than one episode of rectal digging a month for three consecutive months within 12 months after the date that the quality assurance committee signs off on the behavior plan."

20.     The relevant Behavior Plan implemented a communication strategy stating, "[w]hen communicating with [Plaintiff] Jakubowski, staff will make sure that they stay close to him and in the right side of his visual field in order to make sure that he can see them."

21.     The relevant Behavior Plan implemented a preventative strategy stating that, "[w]hen [Plaintiff] Jakubowski is in the bathroom, staff will check on him after 2-4 minutes to be

sure he is not engaging in rectal digging. If he is not finished using the restroom, staff will check on him every two minutes."

22.     The relevant Behavior Plan implemented a management strategy that included: (1) if Plaintiff Jakubowski begins to engage in rectal digging, the staff will firmly sign "stop" and prompt him to go to the restroom and wash his hands; (2) if Plaintiff does not respond to the prompt, staff will repeat the prompt one time and if he still does not respond, they will prompt him to engage in a non-preferred activity that involves the use of his hands; and (3) if Plaintiff Jakubowski engaged in rectal digging while in the bathroom, and he smears feces on himself or the walls, staff will immediately prompt him to wash his hands and they will assist him in getting cleaned.

23.     Finally, the relevant Behavior Plan states that  Defendant Ashe, Defendant Moore, and Defendant Lipsitz are "…responsible for monitoring the plan and training all other staff that provides services to [Plaintiff] Jakubowski on plan procedures, documentation requirements and data collection methods. The staff that provides ongoing services to [Plaintiff] Jakubowski is responsible for the implementation, documentation, and data collection of the Behavior Management Program on a daily basis."

24.     Plaintiff Jakubowski's Behavior Plan was officially implemented on November 30, 2015, with an approval period of six (6) months, after which, Plaintiff was to be reevaluated.

25.     Notwithstanding the clear and specific instructions included in Plaintiff Jakubowski's Behavior Plan and Individual Plan, Defendants paid little to no attention to Plaintiff's rectal digging. While Defendants determined that Plaintiff Jakubowski required an extensive and detailed Behavior Plan and Individual Plan to provide services and/or accommodate his self-injurious rectal digging, Defendants failed to provide and implement the

9

reasonable and necessary services and/or accommodations outlined in his Behavior Plan and Individual Plan to keep Plaintiff Jakubowski safe.

26.     The utter failure to provide reasonable and safe home and community based services persisted even after Defendants knew that Plaintiff Jakubowski was continuing to engage in self-injurious rectal digging behavior. While Plaintiff Jakubowski did not succeed in injuring himself, these prior and documented incidents placed all Defendants on specific notice that Plaintiff Jakubowski required far greater services and/or accommodations at his group home, specifically when using the bathroom. Defendants, however, failed to provide any such safe and reasonable services and/or accommodations for Plaintiff Jakubowski, even after these services and/or accommodations were specifically outlined in his 2015 Behavior Plan and Individual Plan.

27.     Despite a wide array of reasonable accommodations available to Defendants-including, but not limited to, staff trained and qualified to care for autistic male adults that engage in self-injurious behaviors, staff trained and qualified to communicate using sign language, and a one-on-one (1:1) staff-to-resident ratio to provide Plaintiff Jakubowski greater supervision—Defendants completely and utterly failed to provide any other reasonable accommodations necessary to keep Plaintiff safe. Plaintiff Jakubowski was not provided with properly trained and/or qualified staff and he never received one-on-one care, despite his Behavior Plan and Individual Plan calling for all of the aforementioned.

28.     Furthermore, prior to Plaintiff's injuries, Defendants failed to reevaluate Plaintiff Jakubowski's Behavior Plan and Individual Plan.

29.     As a result of the Defendant's utter failure to provide reasonable services and/or accommodations to Plaintiff Jakubowski, he engaged in prolonged rectal digging and severely injured himself at his group home on November 12, 2016.

30.     At 10:26 p.m., on November 12, 2016, Plaintiff Jakubowski presented to Johns Hopkins Bayview Medical Center's (hereinafter "Johns Hopkins Bayview") Emergency Department by way of Defendant Family Service Foundation. The documented presenting complaints recorded in the Johns Hopkins Bayview Admission Note, which was articulated by a Defendant Family Service Foundation staff member, was that Plaintiff Jakubowski was not acting like himself (screaming) and had a new cough.

31.     Plaintiff Jakubowski was evaluated by Randall Trenton Rhyne, M.D. in the Emergency Department at Johns Hopkins Bayview. Dr. Rhyne noted that Plaintiff's abdomen was distended and tender. A CT scan showed a thickened rectum with surrounding fluid particularly on the left with a functional obstruction in the proximal sigmoid. Plaintiff's labs also showed a white blood cell count of 27.8 (normal limit 1-11), which was indicative of a bacterial infection. At that point, staff from Defendant Family Services Foundation reported to Medical Care Providers at Johns Hopkins Bayview that Plaintiff Jakubowski was a "rectal digger" whereby he sticks his fingers into his rectum "on a daily basis and pulls out stool." Accordingly, Dr. Rhyne gave Plaintiff Jakubowski a working diagnoses of a perforated colon "secondary to likely self-inflicted rectal trauma." Plaintiff Jakubowski was subsequently admitted that evening to Johns Hopkins Bayview with the acuity of "3-Urgent" for observation and antibiotic treatment.

32.     Upon admission, Plaintiff became febrile and Ertapenem was started. Plaintiff was kept as "nothing by mouth" (NPO) and had multiple episodes of agitation treated with

Seroquel and Haloperidol as needed. A clear liquid diet was implemented and he had some initial bowel movements.

33.     On November 13, 2016, Plaintiff Jakubowski was seen by Medical Care Provider Alexander Jenson, M.D., who noted that Plaintiff had rectal wall thickening and enhancement as well as marked perirectal inflammatory changes with suspicion for perforation of the colon. It was also noted by Dr. Jenson that rectal perforation would explain the Plaintiff's elevated white blood cell count.

34.     Defendant Family Service Foundation waited for two (2) days, until November 14, 2016, to advise Plaintiff's Father and Legal Guardian that his son was admitted to Johns Hopkins Bayview Hospital.

35.     On November 16, 2016, after severe abdominal pain and high fevers since admission, Plaintiff Jakubowski was taken to the operating room for an exploratory laparotomy. During surgery, surgeon Susan Gearhart, M.D. found Plaintiff's colon was perforated. There were large amounts of gastric fluid in the abdomen. Consequently, a Sigmoidectomy and Hartmann's procedure were performed, resulting in Plaintiff Jakubowski receiving a colostomy bag.

36.     Intraoperatively, Plaintiff handled the procedure well and was transferred postoperatively to the Surgical Intensive Care Unit (SICU) on November 16, 2016, where he was started on Zosyn and continued on a clear liquid diet.

37.     On November 18, 2016, Plaintiff Jakubowski had return of bowel functions. He was removed from his clear liquid diet and advanced to a fiber restricted diet. Plaintiff however continued to have an elevated white blood cell count of 19.83.

38.     On November 19, 2016, Plaintiff Jakubowski was transferred from the SICU to the hospital floor.   Once on the hospital floor, Plaintiff was returned to a liquid diet and continued to exhibit an elevated white blood cell count of 22.84.

39.     On November 21, 2016, due to a continuing post-operative elevated white blood cell count (now at 26.96), a CT scan was performed that revealed a pelvic abscess.

40.     The pelvic abscess was subsequently drained and packed on November 22, 2016. Zosyn was discontinued on November 22, 2016, because IV lines could not be kept in place.

41.     A developing would cellulitis necessitated the ordering of Clindamycin and Bactrim on November 24, 2016.

42.     On November 25, 2016, the lower part of Plaintiff's drained pelvic abscess wound was opened again and packed due to Plaintiff's continuing bacterial infection.

43.     On November 29, 2016, a new CT scan showed the pelvic abscess minimally decreased in size. The CT scan also showed a new left abdominal abscess. Medical Care Providers at Johns Hopkins Bayview ordered and implemented a new pigtail drain in response to Plaintiff Jakubowski's new abdominal abscess and increased the size of his pigtail drain for the pelvic abscess.

44.     On December 5, 2016, a repeat CT scan was notable for a decrease in the size of the pelvic abscess as a result of the Plaintiff's pigtail drain. The newer abdominal abscess was noted as mildly decreased in size. Plaintiff Jakubowski's white blood cell count was also noted as elevated, but stable, at 13. He was placed on an ASA drug caution code due to Thrombocytosis. An infectious disease consultant at Johns Hopkins Bayview recommended switching Plaintiff Jakubowski back to Ertapenem.

45.     On December 9, 2016, a new CT scan showed interval improvements in the pelvic abscesses and the Plaintiff's white blood cell count continued to trend down.

46.     On December 14, 2016, Plaintiff Jakubowski's white blood cell count was noted as within normal range and the abdominal drain was discontinued because of continued improvement.

47.     On December 24, 2016, Plaintiff Jakubowski's pelvic drain was discontinued because of continued improvement.

48.     On December 27, 2016, Plaintiff Jakubowski was found to be tachycardic with a continuous cough. A chest x-ray was ordered, which revealed right pleural effusion.

49.     On December 28, 2016, Plaintiff Jakubowski's antibiotics were discontinued. Medical Care Providers at Johns Hopkins Bayview placed a new pigtail drain to improve his right pleural effusion.

50.     On December 30, 2016, Plaintiff Jakubowski's pigtail was removed with no residual pneumothorax or effusion, and he remained stable and afebrile afterwards.

51.     Unfortunately, due to his rectal digging injury, the resulting sequelae, and difficulty by the social work department at Johns Hopkins Bayview in locating a facility to accept Plaintiff Jakubowski, Plaintiff remained at Johns Hopkins Bayview recovering until February 28, 2017, whereupon he was discharged back to Defendant Family Services Foundation on a temporary basis.

52.     Defendants acted with deliberate indifference in failing to provide Plaintiff Jakubowski reasonable services to accommodate his disabilities, Defendants are liable for any and all injuries that were the proximate result of such failures. Further, because Defendants recklessly, negligently, and with deliberate indifference failed to keep Plaintiff Jakubowski safe,

14

despite actual knowledge of the risks associated with his profound disabilities, Defendants are responsible for acts and/or omissions that gave rise to his current condition.

53.     Plaintiff seeks compensatory damages, pain and suffering, attorney's fees and expenses, and any other relief this Court deems is just and proper.

## CLAIMS

### COUNT I

### Deprivation of Rights – 42 U.S.C. § 1983

### (Against All Defendants)

54.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding and following paragraphs and in the other Counts of this Complaint as if fully set forth herein.

55.     Plaintiff sues each Defendant named in this Count jointly and severally for the reasons stated below.

56.     Defendants have deprived Plaintiff Jakubowski of his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution, in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983. Title 42 U.S.C. Section 1983 protects individuals from violations of rights protected by the Constitution or laws of the United States that were committed by persons acting under the color of state authority.

57.     All aforementioned Defendants are state actors and function as servants and/or actual and/or apparent agents of the State of Maryland, thus acting under the color of state law.

58.     Plaintiff Jakubowski seeks redress for violations of his constitutionally protected interests and rights committed by the Defendants while acting under the color of state law.

59.     In particular, Plaintiff Jakubowski has been deprived of his substantive due process rights to life and liberty due to the acts and/or omissions of the Defendants acting under the color of state authority to deprive Plaintiff of his rights guaranteed to him under the due process and the equal protection clause of the Fifth and Fourteenth Amendments of the United States Constitution.

60.     Defendants knowingly disregarded a substantial and real risk of injury to Plaintiff Jakubowski, and were deliberately indifferent to the substantial and real risk of serious injury, which under these circumstances shock the conscience.

61.     Defendants knew or should have known that Plaintiff Jakubowski's disabilities presented a real risk of injury to him without necessary services and/or accommodations required under his Behavior Plan and Individual Plan to keep him safe while under Defendants care and supervision. Defendants knew or should have known that Plaintiff previously engaged in rectal digging while using the restroom or elsewhere in his group home. Yet, even after specific incidents that occurred while Defendants supervised Plaintiff Jakubowski, Defendants took no precautions and failed to implement the services and/or accommodations that they themselves found to be necessary to keep him safe. Rather, Defendants purposefully or with deliberate indifference, disregarded the very real and substantial risks associated with Plaintiff Jakubowski's rectal digging absent reasonable services and accommodations. Defendants completely failed to provide Plaintiff Jakubowski with any protection. Defendants completely failed to implement Plaintiff's Behavior Plan, particularly the communication strategy, the management strategy, and the preventative strategy. Defendants also completely failed to implement Plaintiff's Individual Plan, particularly his 1:1 staff-to-resident ratio and instructions

16

to always remaining within line of site for supervision. Finally, Defendants let Plaintiff Jakubowski use the bathroom alone with utter disregard for his safety.

62.     Defendants by their actions and/or omissions, have deprived Plaintiff Jakubowski of his substantive due process and Equal Protection rights guaranteed to him under the Fifth and Fourteenth Amendments of the United States Constitution.

63.     As a direct and proximate result of Defendants' actions, omissions, and deliberate indifference, Plaintiff Jakubowski suffered: conscious physical pain and suffering; mental and emotional distress and anguish; severe bodily injuries; discomfort; disability; loss of ability to enjoy his usual activities of life; medical and rehabilitation expenses (past, present, and future); Procitis; a Colostomy; Sigmoidectomy; a pelvic abscess; an abdominal abscess; respiratory distress; Thrombocytosis; internal bleeding; poor mental status; and other painful injuries, damages, and other negative sequelae of his perforated colon injury.

## COUNT II

### Violation of the Rehabilitation Act

### (Against All Defendants)

64.     Plaintiff repeats and re-alleges each and every allegation contained in the proceeding and following paragraphs and in the other Counts of this Complaint as if fully set forth herein.

65.     Plaintiff sues each individual Defendant named in this Count jointly and severally for the reasons stated in this Count.

66.     Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the

participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" *See* 29 U.S.C. § 794(a).

67.     A "program or activity" under the Rehabilitation Act includes a corporation, partnership, or other private organization "which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation." *See* 29 U.S.C. § 794(b)(3)(A)(ii).

68.     Defendants Family Service Foundation and Defendant Coordination Service are nonprofit private corporations which receive Federal financial assistance by way of Plaintiff Jakubowski's Community Pathways Medicare Waiver, which is funded under Title XIX to the Social Security Act 42 U.S.C. §1396n(c), and both engage in the business of providing health care, housing, and social services to individuals with disabilities.

69.     Congress waived sovereign immunity for states and state agencies for actions brought under the Rehabilitation Act. *See* 42 U.S.C. § 2000d-7.

70.     Plaintiff Jakubowski is "disabled" as defined in the Rehabilitation Act. *See* 29 U.S.C. § 705(9)(B); 42 U.S.C. § 12102. Plaintiff Jakubowski is also a "handicapped person" as defined by the Department of Health and Human Services. *See* 45 C.F.R. §84.3. He suffers from autism, deafness, blindness in his left eye, seizure disorder, chronic non-progressive encephalopathy, a pervasive developmental disorder, intellectual disabilities, anxiety, and bipolar disorder. His disabilities were characterized by physical and emotional outbursts and self-injurious behavior which render the Plaintiff unable to exercise physical self-control, and substantially limit his ability to communicate or interact with others.

71.     Plaintiff Jakubowski is a "qualified individual with disability" as defined under the Rehabilitation Act. Section 84 of Title 45 of the Code of Federal Regulations effectuates the

Rehabilitation Act and requires nondiscrimination on the basis of an individual's handicap in programs or activities receiving Federal financial assistance. *See* 45 C.F.R. §§84.1-4.

72.     Section 84.52 of Title 45 requires that any programs or activities receiving Federal financial assistance may not, on the basis of an individual's handicap, deny a qualified handicapped person benefits or services, or provide a qualified handicapped person with benefits and services that are not as effective as the benefits or services provided to others. *See* 45 C.F.R. § 84.52(a)(1); §84.52(a)(3).

73.     Section 84.52 of Title 45 further requires that any recipient of Federal financial assistance shall provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question. *See* 45 C.F.R. § 84.52(d)(1).

74.     Defendants were well aware of their obligations under the Rehabilitation Act and the implementing Code of Federal Regulations.

75.     Defendants were also well aware of Plaintiff Jakubowski's disabilities. Plaintiff Jakubowski's prior Behavior Plan and Individual Plan are replete with references to Plaintiff's impairments, including, but not limited to, his communication barriers, his frequent rectal digging, and other self-injurious behaviors. Defendants were also specifically aware that Plaintiff Jakubowski, as a result of his disabilities had frequently attempted and/or actually engaged in rectal digging while using the bathroom and elsewhere in his group home.

76.     Defendants, despite their actual and constructive knowledge of Plaintiff Jakubowski's profound disabilities, acted with deliberate indifference in failing to accommodate his disability. Defendants completely failed to implement Plaintiff's Behavior Plan, particularly the communication strategy, the management strategy, and the preventative strategy. Defendants

also completely failed to implement Plaintiff's Individual Plan, including, but not limited to, his 1:1 staff-to-resident ratio and instructions to remain within line of site for supervision. Finally, Defendants let Plaintiff Jakubowski use the bathroom alone with utter disregard for his safety, all while being fully aware of the strong likelihood that a violation of Plaintiff Jakubowski's federal rights under the Rehabilitation Act would result from their conduct.

77.     Defendants refused to reasonably accommodate Plaintiff Jakubowski's disabilities and discriminated against him solely because of his disability. This discrimination was motivated by improper animus, as Defendant Family Service Foundation and Defendant Coordination Service's servants, agents, and employees failed to implement and re-address Plaintiff Jakubowski's Behavior Plan and Individual Plan, and thereby ignored the clear and obvious dangers to Plaintiff without reasonable and adequate services and/or accommodations for his disabilities.

78.     Defendants' deliberate indifference to providing Plaintiff Jakubowski necessary and reasonable services and/or accommodations to keep him safe while using the bathroom and elsewhere in his group home caused Plaintiff Jakubowski's injuries. As a result of Defendants' violations, Plaintiff Jakubowski suffered the following injuries, among others: conscious physical pain and suffering; mental and emotional distress and anguish; severe bodily injuries; discomfort; disability; loss of ability to enjoy his usual activities of life; medical and rehabilitation expenses (past, present, and future); Procitis; a Colostomy; Sigmoidectomy; a pelvic abscess; an abdominal abscess; respiratory distress; Thrombocytosis; internal bleeding; poor mental status; and other painful injuries, damages, and other negative sequelae of his perforated colon injury.

**COUNT III**

**Violation of Maryland Declaration of Rights Article 24—Loss of Liberty, Due Process, and Equal Protection**

79.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding and following paragraphs and in the other Counts of this Complaint as if fully set forth herein.

80.     Plaintiff sues each individual Defendant named in this Count jointly and severally for the reasons stated in this Count.

81.     Article 24 of the Maryland Declaration of Rights provides that no one shall be deprived of life, liberty, or property without due process and equal protection of the laws.

82.     Defendant Ashe, Defendant Moore, and Defendant Lipsitz at all relevant times herein were actual and/or apparent agents, servants and/or employees of Defendant Family Service Foundation and were acting within the scope of their employment.

83.     Defendant Jones at all relevant times herein was an actual and/or apparent agent, servant and/or employee of Defendant Service Coordination and was acting within the scope of her employment.

84.     Defendants Family Service Foundation and Service Coordination are vicariously liable for damages resulting from violations of the Maryland Declaration of Rights Article 24 committed by its actual and/or apparent agents, servants, and employees that were acting within the scope of their employment. Accordingly, Defendant Ashe, Defendant Moore, Defendant Lipsitz, and Defendant Jones' actions and omissions that resulted in violations of the Constitution of Maryland are attributable to Defendant Family Service Foundation and Defendant Service Coordination.

21

85.     Defendants violated Plaintiff Jakubowski's substantive and procedural due process rights as set forth in the Maryland State Constitution and the Declaration of Rights, including Article 24. A person's interest in his own life and liberty is a substantial interest and a fundamental right.

86.     Defendants' reckless and intentional actions, omissions, and deliberate indifference proximately caused Plaintiff Jakubowski's injuries. Defendants were well aware of Plaintiff Jakubowski's disabilities. Plaintiff Jakubowski's prior Behavior Plans and Individual Plans are replete with references to Plaintiff's impairments, including, but not limited to, his communication barriers, his frequent rectal digging, and other self-injurious behaviors. Defendants were also specifically aware that Plaintiff Jakubowski, as a result of his disabilities had frequently attempted and/or actually engaged in rectal digging while using the bathroom and elsewhere in his group home.

87.     Defendants failed to make reasonable modifications and/or implement policies and procedures to reasonably accommodate Plaintiff Jakubowski's disabilities. Such reasonable modifications and/or policies and procedures were found in Plaintiff Jakubowski's Behavior Plan and included, but were not limited to, the communication, management, and preventative strategies included within the Behavior Plan aforementioned. Other such reasonable modifications and/or policies and procedures were found in Plaintiff Jakubowski's Individual Plan and included, but were not limited to, a 1:1 staff-to-resident ratio and instructions to remain within line of site for supervision over the Plaintiff.

88.     Defendants acted with deliberate indifference and reckless disregard, knowing that Plaintiff Jakubowski, because of his disabilities, was at risk for severe and permanent injury while using the bathroom or engaging in rectal digging elsewhere in his group home. Defendants

nonetheless, without cause or justification, violated Plaintiff Jakubowski's constitutional rights to due process, equal protection and to be free from unconstitutionally discriminatory acts in failing to provide the reasonable services and/or accommodations included in Plaintiff's Behavior Plan and Individual Plan.

89.    Defendants knew of the substantial and real risk of injury Plaintiff Jakubowski would suffer without appropriate intervention or attention. Defendants purposefully and with deliberate intent, disregarded the substantial risks of Plaintiff Jakubowski's rectal digging, knowing that the result would be serious injury. Defendants completely failed to provide Plaintiff Jakubowski with any protection and utterly disregarded his safety.

90.    As a direct and proximate result of Defendants' actions and omissions, Plaintiff Jakubowski suffered conscious physical pain and suffering; mental and emotional distress and anguish, severe bodily injuries; discomfort; further disability; loss of ability to enjoy his usual activities of life; medical and rehabilitation expenses (past, present, and future); Procitis; a Colostomy; Sigmoidectomy; a pelvic abscess; an abdominal abscess; respiratory distress; Thrombocytosis; internal bleeding; poor mental status; and other painful injuries, damages, and other negative sequelae of his perforated colon injury.

91.    As a direct and proximate result of Defendants' actions, Plaintiff Jakubowski was thereby deprived of his constitutionally protected rights under the Maryland Declaration of Rights, including, but not limited to, his right not to be deprived of life and liberty.

## COUNT IV

## Negligence

92.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding and following paragraphs and in the other Counts of this Complaint as if fully set forth herein.

93.     Plaintiff sues each Defendant named in this Count jointly and severally for the reasons stated in this Count.

94.     Defendant Family Service Foundation and Defendant Service Coordination, through its actual and/or apparent agents, servants, and employees owed Plaintiff Jakubowski a duty to use reasonable care to ensure his safety and prevent him from being injured while he was in the bathroom or elsewhere in his group home. Defendants were well aware of Plaintiff Jakubowski's disabilities. Plaintiff Jakubowski's prior Behavior Plans and Individual Plans are replete with references to Plaintiff's impairments, including, but not limited to, his communication barriers, his frequent rectal digging, and other self-injurious behaviors. Defendants were also specifically aware that Plaintiff Jakubowski, as a result of his disabilities had frequently attempted and/or actually engaged in rectal digging while using the bathroom and elsewhere in his group home.

95.     Defendants had a duty to provide Plaintiff Jakubowski with the reasonable and necessary services and/or accommodations detailed in his Behavior Plan and Individual Plan to keep him safe while using the bathroom and to prevent him from engaging in self-injurious behavior, such as rectal digging.

96.     Defendants, with full knowledge of the risk of permanent and severe injury to Plaintiff Jakubowski, took none of the preventive actions outlined in his Behavior Plan and Individual Plan to protect him from injury.

97.     Specifically, Defendants failed to exercise reasonable care to keep Plaintiff Jakubowski safe by not implementing the communication strategy of his Behavior Plan whereby staff were to make sure that they stayed close to Plaintiff and in the right side of his visual field in order to ensure he could see them sign.

98.     Defendants failed to exercise reasonable care to keep Plaintiff Jakubowski safe by not implementing the preventative strategy of his Behavior Plan whereby staff were to check on Plaintiff after 2-4 minutes of using the bathroom to ensure he was not rectal digging, and then every two minutes thereafter, until he was finished using the bathroom.

99.     Defendants failed to exercise reasonable care to keep Plaintiff Jakubowski safe by not implementing the management strategy of his Behavior Plan whereby if the Plaintiff began to engage in rectal digging, the staff were to firmly sign "stop" and prompt him to go to the bathroom and wash his hands; if Plaintiff did not respond, the staff were then to repeat the sign to "stop" one more time and then prompt him to engage in a non-preferred activity that involved the use of his hands; and finally if Plaintiff still engaged in rectal digging and smeared feces on himself or the walls, the staff were to immediately prompt him to wash his hands and assist him in getting clean.

100.    Defendants failed to exercise reasonable care to keep Plaintiff Jakubowski safe by not implementing the 1:1 staff-to-resident ratio called for in his Individual Plan.

101.    Defendants also failed to exercise reasonable care to keep Plaintiff Jakubowski safe by not ensuring staff of his day program and residential group home always kept a line of site for supervision of Plaintiff, as called for in his Individual Plan.

102.    Finally, Defendants failed to exercise reasonable care to keep Plaintiff Jakubowski safe by not readdressing and/or reevaluating his November 30, 2015, Behavior Plan or his August 27, 2015, Individual Plan to ensure the services and/or accommodations called for were in fact being implemented and working to prevent his self-injurious and rectal digging behaviors.

103.    As a result of Defendants' breach of their duties, Plaintiff Jakubowski suffered conscious physical pain and suffering; mental and emotional distress and anguish, severe bodily injuries; discomfort; further disability; loss of ability to enjoy his usual activities of life; medical and rehabilitation expenses (past, present, and future); Procitis; a Colostomy; Sigmoidectomy; a pelvic abscess; an abdominal abscess; respiratory distress; Thrombocytosis; internal bleeding; poor mental status; and other painful injuries, damages, and other negative sequelae of his perforated colon injury.

104.    The injuries and damages complained herein were directly, proximately and legally caused and/or substantially contributed to by the joint and several negligence and lack of care of the above captioned and previously described Defendants, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT V

## Negligent Hiring, Retention and/or Supervision

## (Against Defendant Family Service Foundation and Defendant Service Coordination)

105.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding and following paragraphs and in the other Counts of this Complaint as if fully set forth herein.

106.    Plaintiff sues each Defendant named in this Count jointly and severally for the reasons stated in this Count.

107.    Defendant Ashe, Defendant Moore, and Defendant Lipsitz all times relevant herein were employed by Defendant Family Service Foundation.

108.    Defendant Jones was at all times relevant herein employed by Defendant Service Coordination.

109.    Defendants were well aware of Plaintiff Jakubowski's disabilities. Plaintiff Jakubowski's prior Behavior Plans and Individual Plans are replete with references to Plaintiff's impairments, including, but not limited to, his communication barriers, his frequent rectal digging, and other self-injurious behaviors. Defendants were also specifically aware that Plaintiff Jakubowski, as a result of his disabilities had frequently attempted and/or actually engaged in rectal digging while using the bathroom and elsewhere in his group home.

110.    Defendant Family Service Foundation and Defendant Service Coordination had a duty to use reasonable care to select, supervise and/or retain employees who were competent and fit to perform the duties required to ensure the safety of Plaintiff Jakubowski.

111.    Defendant Family Service Foundation breached their duties of care by failing to properly and adequately hire, train and/or supervise Defendant Ashe in performing her assigned duties, which included, but were not limited to, supervision of day-to-day operations of Defendant Family Service Foundation's residential group homes, managing and training staff

27

working within residential group homes, and monitoring residents for any health and/or behavioral risk.

112.    Defendant Family Service Foundation breached their duties of care by failing to properly and adequately hire, train and/or supervise Defendant Moore in performing his assigned duties, which included, but were not limited to, directing day service programs for Defendant Family Service Foundation, and managing and training staff members who provide supervision, care, meals, and social activities to day program clients.

113.    Defendant Family Service Foundation also breached their duties of care by failing to properly and adequately hire, train and/or supervise Defendant Lipsitz in performing his assigned duties, which included, but were not limited to, providing staff training which included: behavior principles and strategies; core DDA training; and positive behavioral supports for staff handling Plaintiff Jakubowski.

114.    Defendant Service Coordination breached their duties of care by failing to properly and adequately hire, train and/or supervise Defendant Jones in performing her assigned duties, which included, but were not limited to, assessing Plaintiff Jakubowski's service needs as a long-term community residential and day services recipient, facilitating services such as health and wellness, and advocating and ensuring Plaintiff received all reasonable and necessary services and/or accommodations required under State and Federal law.

115.    Defendant Family Service Foundation and Defendant Service Coordination knew or should have known by the exercise of diligence and reasonable care that Defendant Ashe, Defendant Moore, Defendant Lipsitz, and Defendant Jones were capable of causing Plaintiff Jakubowski serious harm by not performing their required job duties, specifically the ones listed in his Behavior Plan and Individual Plan.

116.    Defendants Family Service Foundation and Coordination Service's negligent hiring, retention, and supervision of Defendant Ashe, Defendant Moore, Defendant Lipsitz, and Defendant Jones proximately caused Plaintiff's injuries and they are responsible to Plaintiff Jakubowski for acts and/or omissions that gave rise to his current condition. As a result of Defendants' breaches of their duties, Plaintiff Jakubowski suffered conscious excruciating physical pain and suffering; mental and emotional distress and anguish, severe bodily injuries; discomfort; further disability; loss of ability to enjoy his usual activities of life; medical and rehabilitation expenses (past, present, and future); Procitis; a Colostomy; Sigmoidectomy; a pelvic abscess; an abdominal abscess; respiratory distress; Thrombocytosis; internal bleeding; poor mental status; and other painful injuries, damages, and other negative sequelae of his perforated colon injury.

117.    The injuries and damages complained herein were directly, proximately and legally caused and/or substantially contributed to by the joint and several negligence and lack of care of the above captioned and previously described Defendants, with no negligence on the part of the Plaintiff contributing thereto.

## **RELIEF SOUGHT**

WHEREFORE, as to each and every count pled, Plaintiff respectfully request that this Court award him:

a.  Damages for Plaintiff's past and future medical expenses, past and future emotional pain and suffering and other compensatory damages in the amount of $25,000,000.00;

b.  Attorneys' fees and other costs and expenses; and

c.  Any other relief to which Plaintiff is entitled.

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff, by and through his undersigned counsel, hereby demands a trial by jury on all issues raised herein.

Respectfully submitted,

WAIS, VOGELSTEIN, FORMAN & OFFUTT, LLC


_____/s/_____
Mary McNamara Koch, Esq. (Bar No. 26591)
1829 Reisterstown Road, Suite 425
Baltimore, Maryland 21208
Office: (410) 998-3600
Fax: (410) 998-3680
Mary@malpracticeteam.com
*Attorney for Plaintiff*