UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 13, 2018

MEMORANDUM TO COUNSEL RE:  Jason Jakubowski v. Family Service Foundation, Inc.
Civil Action No. GLR-17-1505

Dear Counsel:

Pending before the Court is Plaintiff Jason Jakubowski's Motion for Reconsideration (ECF No. 22). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny the Motion.

Jakubowski alleges that Defendants Family Service Foundation, Inc. (the "Foundation"), Service Coordination, Inc. ("SCI"), Tina Ashe, and Larry Lipsitz failed to adequately monitor him, resulting in hospitalization and medical treatment. (Compl., ECF No. 1). He brings claims under 42 U.S.C. § 1983 (2018), the Rehabilitation Act, Maryland Declaration of Rights Article 24, and Maryland common law. (Id. ¶¶ 54–117). SCI filed its Motion to Dismiss on August 14, 2017, (ECF No. 7), and the Foundation, Ashe, and Lipsitz filed their Motion to Dismiss on August 24, 2017, (ECF No. 11). On October 4, 2017, the Court granted Defendants' Motions. (ECF Nos. 20, 21). In relevant part, the Court concluded that Jakubowski insufficiently pled that Defendants acted under the color of state law. (Oct. 2017 Mem. Op. at 1, ECF No. 20).

Jakubowski now moves for the Court to reconsider its October 4, 2017 Order. (ECF No. 22). On November 1, 2017, SCI filed its Opposition, as did the Foundation, Ashe, and Lipsitz. (ECF Nos. 23, 25). To date, the Court has not received a reply from Jakubowski.

The Federal Rules of Civil Procedure include three Rules that permit a party to move for reconsideration. Of import here, Rule 59(e) controls when a party files a motion to alter or amend within twenty-eight days of the final judgment. Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). If the Motion is filed later, Rule 60(b) controls. Id. In this case, the Court issued an Order granting Defendants' Motions to Dismiss and closing the case on October 4, 2017. (ECF No. 21). Jakubowski moved for reconsideration of that Order on October 18, 2017—within twenty-eight days. (ECF No. 38). Thus, Rule 59(e) controls.[1]

A motion under Rule 59(e) is "discretionary" and "need not be granted" unless: (1) "there has been an intervening change of controlling law"; (2) "new evidence has become available"; or

---
[1] Accordingly, Jakubowski's assertion that Rule 60(b)(6) controls is misplaced.

(3) "there is a need to correct a clear error or prevent manifest injustice." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411 (4th Cir. 2010) (citing Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006)). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08CV501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)). Nor may Rule 59(e) motions be used to raise arguments that "could have been raised prior to the issuance of the judgment" or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403.

Here, Jakubowski argues that he has sufficiently pled that Defendants are state actors. He does not specify the basis under which he brings his Rule 59(e) Motion. He appears to assert that the Court made a clear error of law when it concluded there are insufficient allegations that Defendants acted under the color of state law. (See Oct. 2017 Mem. Op. at 1). The Court disagrees.

Jakubowski submits that Maryland statutes set forth a policy of promoting, protecting, and preserving the "human dignity," "constitutional rights[,] and liberties" of individuals with developmental disability and establish the Maryland Developmental Disabilities Administration (the "DDA"). (Pl.'s Mot. Recons. at 3, ECF No. 22) (quoting Md. Code Health-Gen. § 7-102(1)). As a result, Jakubowski contends, Maryland "significantly and explicitly encourages" administration of services to individuals with developmental disability by "fund[ing], oversee[ing], regulat[ing], and licens[ing]" the Foundation and SCI in order to meet its statutory obligations. (Id. at 4). The Foundation and SCI, in turn, "have undertaken" Maryland's "responsibility to care for developmentally disabled individuals" by providing services through the DDA. Thus, Jakubowski maintains, he has sufficiently pled that Defendants are state actors.

Jakubowski's contentions are unavailing. None of them are supported by the allegations in the Complaint. Indeed, in his Complaint, he only pleads that Defendants "are state actors and function as servants and/or actual and/or apparent agents of the state of Maryland, thus acting under color of state law." (Compl. ¶ 57). Jakubowski brings no other allegation supporting his arguments about the relationship between Maryland, the Foundation, and SCI. And this sole allegation is too conclusory to survive a motion to dismiss under Rule 12(b)(6). See United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979) (holding that the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events).

The Court concludes, therefore, that Jakubowski has failed to provide sufficient grounds under Rule 59(e) for the Court to alter or amend its October 4, 2017 Order. Accordingly, the Court will deny his Motion.[2]

---

[2] In his Motion, Jakubowski also asks for discovery in order to "determine the full extent" of Maryland's relationship with Defendants. (Pl.'s Mot. Recons. at 4). But as the Court

For the foregoing reasons, Jakubowski's Motion for Reconsideration (ECF No. 22) is DENIED.  Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

George L. Russell, III
United States District Judge

---

explained above, Rule 59(e) motions may not be used to raise arguments that "could have been raised prior to the issuance of the judgment." <u>Pac. Ins. Co.</u>, 148 F.3d at 403.  Here, Jakubowski does not dispute that he did not request discovery during the pendency of Defendants' original Motions to Dismiss.  Thus, the Court will deny his request.